Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000055
31-MAY-2018
11:32 AM

NO. CAAP-17-0000055

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
STEVEN E. YOUNG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-0432)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Steven E. Young (**Young**) appeals from the Judgment of Conviction and Probation Sentence (**Judgment**) entered against him and in favor of Plaintiff-Appellee State of Hawai'i (**State**) on December 1, 2016, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On July 21, 2016, Young entered a No Contest Plea (**No Contest Plea**) as to: (1) one count of Failure to Comply with Covered Offender Registration Requirements, in violation of

---

[1] The Honorable Shirley M. Kawamura presided.

Hawaii Revised Statutes (HRS) § 846E-9(a)(2) and (c) (2014);[2] and (2) one count of Failure to Comply with Covered Offender Registration Requirements, in violation of HRS § 846E-9(a)(12) and (c) (2014).[3] On the same day, Young was sentenced to four years of probation, with special conditions. The special conditions included, *inter alia*, one year of incarceration, with credit for time served, and satisfactory participation in the Hawai'i Sex Offender Treatment Program as follows:

---

[2] HRS § 846E-9(a)(2) and (c) provide in relevant part:

**§ 846E-9 Failure to comply with covered offender registration requirements.** (a) A person commits the offense of failure to comply with covered offender registration requirements if the person is required to register under this chapter and the person intentionally, knowingly, or recklessly:
. . . .
(2) Fails to report in person every five years until June 30, 2009, and beginning on July 1, 2009, once every year, during the thirty-day period following the offender's date of birth, to the chief of police where the covered offender's residence is located, or to such other department or agency designated by the attorney general;
. . . .
(c) Failure to comply with covered offender registration requirements is a class C felony.

[3] HRS § 846E-9(a)(12) provides in relevant part:

**§ 846E-9 Failure to comply with covered offender registration requirements.** (a) A person commits the offense of failure to comply with covered offender registration requirements if the person is required to register under this chapter and the person intentionally, knowingly, or recklessly:
. . . .
(12) Fails to report to the chief of police where the covered offender resides, or to such other department or agency that may be designated by the attorney general in rules adopted pursuant to chapter 91, during the first week of the months of January, April, July, and October of every year, and verify and update the covered offender's registration information as required by section 846E-5(b).

YOU SHALL:

. . . .

E.      Serve a term of imprisonment of **ONE (1) YEAR**, with
        credit for time already served.  No early release.
        Mittimus to issue forthwith;

. . . .

S.      Participate satisfactorily in the Hawaii Sex Offender
        Treatment Program (HSOTP) with the provision that you
        obtain and maintain sex offender treatment, as
        approved by your probation officer, at your own
        expense until clinically discharged with the
        concurrence of your probation officer. . . .

On appeal, Young raises two points of error contending: (1) that finding him guilty of violating HRS chapter 846E violated his equal protection rights and was therefore plainly erroneous; and (2) the Circuit Court abused its discretion in sentencing him because (a) it should not have included one year of incarceration as a condition of probation; and (b) sex offender treatment was unnecessary because he was not convicted of a new sex crime but rather for failing to report for previous crimes.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Young's points of error as follows:

(1)   Young contends that sex offender reporting requirements violated his rights under both the Hawai'i and federal constitutions by subjecting him to public stigma for a lifetime.

"Generally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings."  State v. Morin, 71 Haw. 159, 162, 785

P.2d 1316, 1318 (1990) (citations omitted). "A plea of [no contest] is equivalent to a plea of guilty in terms of waiving alleged nonjurisdictional defects." Id. (citations omitted). "An exception to this general rule is a plea conditioned upon the right to appeal certain pretrial rulings." Id. at 162, 785 P.2d at 1319.

Here, Young pled no contest to both counts on July 21, 2016; his plea was not conditioned on the right to appeal constitutional issues. Young does not contend, nor do we conclude, that his plea was not entered voluntarily and intelligently. Moreover, he does not argue, and we do not conclude, that his constitutional argument is jurisdictional. Accordingly, Young waived his constitutional challenge to his conviction when he entered his no-contest plea.

(2) Young contends that the Circuit Court abused its discretion in sentencing him to one year of incarceration as a condition of probation because "the HOPE probation program already addresses a progressive sanction type method." In sum, Young argues that, when taking into consideration the sentencing factors enunciated under HRS § 706-606 (2014), the Circuit Court should have sentenced him to four years of HOPE Probation rather than the one-year term of incarceration and four years of HOPE Probation "based upon the unique facts of this case."

HRS § 706-606 provides factors to be considered in imposing a sentence. Under this statute, "[t]he court, in determining the particular sentence to be imposed, shall consider: . . . [t]he kinds of sentences available[.]" HRS

§ 706-606(3). The kinds of sentences available in this case include "probation as authorized by part II [of HRS chapter 706]" and "imprison[ment] for a term as authorized by part IV [of HRS chapter 706.]" HRS § 706-605(1)(a) and (c) (2014). The court, however, "shall not sentence a defendant to probation and imprisonment except as authorized by part II [of HRS chapter 706]." HRS § 706-605(2).

Part II of HRS chapter 706 specifically addresses probation. When a court has sentenced a defendant to probation, the period of probation shall be "[f]ive years upon conviction of a class B or class C felony under part II, V, or VI of chapter 707, chapter 709, and part I of chapter 712 and four years upon conviction of any other class B or C felony[.]" HRS § 706-623(1)(b) (2014). In exercising its discretion,

> [t]he court may provide, as further conditions of a sentence of probation, to the extent that the conditions are reasonably related to the factors set forth in section 706-606 and to the extent that the conditions involve only deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 706-606(2), that the defendant:
>
> (a)     Serve a term of imprisonment to be determined by the court at sentencing . . . not exceeding one year in class C felony cases[.]

HRS § 706-624(2)(a) (2014).

In State v. Sumera, a misdemeanor case, looking to HRS § 706-624, the supreme court stated that "where the sentencing court decides to combine probation *and* imprisonment in a sentence, it may do so if imprisonment is made a *condition* of the sentence of probation rather than a separate sentence, and only up to a maximum period of six months in the case of a misdemeanor." 97 Hawai'i 430, 435, 39 P.3d 557, 562 (2002). We

conclude that, under Sumera, the Circuit Court did not abuse its discretion in combining probation and imprisonment in Young's sentence, provided that imprisonment was made a condition of the probation sentence rather than a separate sentence. The maximum period of imprisonment was one year in the case of Young's class C felonies. See HRS § 706-624(2)(a); Sumera, 97 Hawai'i at 435, 39 P.3d at 562.

Here, the Circuit Court sentenced Young to a four-year term of probation, in accord with the maximum probationary period for a class C felony pursuant to HRS § 706-623(1)(b), and a one-year term of imprisonment as a special condition of probation, in accord with the maximum imprisonment period for a class C felony pursuant to HRS § 706-624(2)(a) and in accord with the guidelines set forth in Sumera. Thus, we conclude that the Circuit Court did not abuse its discretion in sentencing Young to one year of incarceration as a condition of probation.

Young also contends that the Circuit Court abused its discretion in sentencing him to participate in sex offender treatment because he had not been convicted of another sex crime, but merely a failure to report periodically to authorities.

In State v. Solomon, 107 Hawai'i 117, 120, 111 P.3d 12, 15 (2005), Solomon pled guilty to one count of abuse of a family or household member. The trial court of the First Circuit sentenced him, *inter alia*, to undergo sex offender evaluation and treatment as a condition of his probation. Id. at 121-22, 111 P.3d at 16-17. On appeal, Solomon argued that his conviction was not for a sexual offense, and therefore sex offender evaluation

and treatment were inappropriate. Id. at 128, 111 P.3d at 23. However, the supreme court noted that the trial court was aware of many factors warranting the sentence, including a prior conviction for sexual assault in the fourth degree and a psychosexual assessment concluding that Solomon was "an untreated sex offender." Id. at 130-31, 111 P.3d at 25-26. The supreme court held that the trial court did not abuse its discretion in requiring that Solomon undergo sex offender evaluation and treatment. Id. at 131, 111 P.3d at 26.

Here, although Young was not convicted of a new sex offense, the Circuit Court had information before it indicating that Young had a history of improper sexual behavior, including prior convictions for sexual assault in the second degree and sexual assault in the third degree. Furthermore, it appears that Young never completed the sex offender treatment stemming from his previous sexual assault convictions. Therefore, we conclude that the Circuit Court did not abuse its discretion in ordering Young to undergo sex offender treatment.

For these reasons, the Circuit Court's December 1, 2016 Judgment is affirmed.

DATED: Honolulu, Hawai'i, May 31, 2018.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Kevin K. Takata,
Supervising Deputy Attorney
 General,
State of Hawaii,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge